## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JANE DOE** | **:** | **CIVIL ACTION** |
| | **:** | |
| **v.** | **:** | **NO. 24-5704** |
| | **:** | |
| **MCLANE/EASTERN, INC., MCLANE** | **:** | |
| **COMPANY, INC., MICHELLE** | **:** | |
| **YARBOROUGH, OMAR JOSEPH,** | **:** | |
| **EVERETT MUNROE** | **:** | |

## <u>ORDER</u>

**AND NOW**, this 25th day of October 2024, upon reviewing the Complaint (ECF 1) invoking our subject matter jurisdiction over a federal question but not demonstrating the propriety of venue over a New Jersey citizen's claims of sexual harassment occurring in an unplead office or vehicle presumably somewhere in New Jersey and Pennsylvania, consistent with our obligations to ensure proper venue under 42 U.S.C. § 2000e–5(f)(3), and for good cause, it is **ORDERED** Plaintiff shall, by no later than **October 31, 2024**, either: stipulate to transfer to a District with proper venue; file an amended Complaint pleading the propriety of Title VII venue in this District; or, **show cause** in a Memorandum not exceeding seven pages as to why we should not transfer venue to a proper District based on Plaintiff's allegations (ECF 1) including demonstrating she has plead a proper venue in this District under 24 U.S.C. § 2000e–5(f)(3).[1]

_____
**KEARNEY, J.**

---

[1] Congress through section 2000e–5(f)(3) of Title VII allows the Jane Doe Plaintiff to sue in one of three judicial districts: "(1) where the allegedly unlawful employment practice was committed; (2) where the relevant employment records are maintained and administered; or (3) where the aggrieved person would have worked but for the alleged unlawful employment practice." *Trawick v. Harvey*, No. 06-1937, 2006 WL 2372241, at *2 (E.D. Pa. Aug. 15, 2006) (citing § 2000e–

5(f)(3)). "Only when the defendant cannot be brought to court in any of these districts does venue lie in the location of the defendant's principal office." *Id.* Title VII's "exclusive venue provision for cases brought within its ambit[] render[s] inapplicable the general venue provisions of 28 U.S.C. § 1391." *Id.* at *1. Plaintiff has not plead proper venue is proper in this District for her Title VII and related claims. She only addresses venue under section 1391. Plaintiff does not plead which district the unlawful employment practices – sexual harassment and retaliation – occurred in; she pleads sexual harassment and assault occurred in Pennsylvania and New Jersey without specifying where and does not allege where Defendant McLane's human resources department retaliated against her. ECF 1. Nor does she plead where the relevant employment records are maintained and administered; where she would have worked if not for the unlawful employment practices; or where McLane's principal place of business is located. We cannot determine the propriety of venue in our District under section 2000e–5(f)(3).